Laurel E. Davis (NV Bar No. 3005)
FENNEMORE CRAIG, P.C.
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
Fax: (702) 692-8064
Email: ldavis@fclaw.com

Pro Bono Counsel for Nicholas Serino,
Legal Aid Center of Southern Nevada

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ROBERT J. FLORISI, and<br>ANGELE FLORISI,<br><br>Debtor(s). | Chapter 7<br><br>Case No. BK-S-05-18091-BAM<br>Adversary No. 05-1251-BAM<br>Adversary No. 06-1076-BAM |
| NICHOLAS SERINO,<br><br>Appellant,<br><br>vs.<br><br>ROBERT J. FLORISI and<br>ANGELE FLORISI,<br><br>Appellees. | APPEAL NUMBER 10-15<br><br>**District Court Case Number:**<br>**2:10-CV-0080-JCM-LRL**<br><br>**MOTION TO WITHDRAW AS**<br>**COUNSEL OF RECORD AND TO**<br>**EXPAND BRIEFING SCHEDULE** |

Laurel E. Davis of Fennemore Craig, P.C., moves to withdraw as counsel for Nicholas Serino, and to expand the briefing schedule to accommodate Mr. Serino. This Motion is made and based upon the points and authorities set forth below, the accompanying Declaration of Laurel E. Davis ("Davis Declaration"), the papers and pleadings on file herein and any evidence adduced at the time of any hearing of this matter.

FENNEMORE CRAIG, P.C.
LAS VEGAS

95379.1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

1. An <u>Application for Order to Show Cause Why Nicholas Serino, aka Richard Serino, Should not be Held in Contempt of this Court's October 5, 2006 and January 16, 2008 Orders Pursuant to Fed.R.Bankr. 9020</u>, was filed December 19, 2008 ("OSC Application") in the Bankruptcy Court as Docket No. 127.  Davis Declaration, ¶ 1.

2. At that time, Nicholas Serino was not represented by counsel.  Davis Declaration, ¶ 2.

3. In January of 2009, Mr. Serino sought representation through the Legal Aid Center of Southern Nevada.  Davis Declaration, ¶ 3.

4. On January 27, 2010, Laurel E. Davis prepared and filed a Notice of Appearance as Pro Bono counsel through the Legal Aid Center of Southern Nevada, with respect to the <u>OSC Application</u>.  Davis Declaration, ¶ 4.

5. Evidentiary hearings on the <u>OSC Application</u> were held April 27, 2009 (DE 172, Serino Testimony; DE 185, Rest); May 22, 2009 (DE 176, Vol. I; DE 177, Vol II); June 1, 2009 (DE 182, Vol. I; DE 183, Vol. II); and June 22, 2009 (DE 184).  Davis Declaration, ¶ 5.

6. After the evidentiary hearings, the Court took the <u>OSC Application</u> under submission.  Davis Declaration, ¶ 6.

7. On April 13, 2010, the Court rendered its Opinion regarding the OSC Hearings, (DE 196), which required a further declaration from counsel for Florisi to fix the award of attorneys' fees and costs.  Davis Declaration, ¶ 7.

8. On May 13, 2010, the Court entered its Order Granting Compensatory Damages, Attorneys' Fees and Costs (DE 199), which resolved the <u>OSC Application</u>.  Davis Declaration, ¶ 8.

9. Mr. Serino contacted Fennemore Craig, expressing a strong desire to appeal the

FENNEMORE CRAIG, P.C.
LAS VEGAS

95379.1

1  Court's Order.  Davis Declaration, ¶ 9.

2      10.    Because of the very short time frame involved in perfecting an appeal in the Bankruptcy Court, and in order to protect Mr. Serino's rights, Ms. Davis filed the Notice of Appeal, Statement of Issues on Appeal and Designation of Record on Appeal.  Davis Declaration, ¶ 10.

    11.    For several months, Ms. Davis has assisted Mr. Serino with his efforts to locate new pro bono counsel.  At the present time, new counsel has not been located and no one has contacted Ms. Davis advising her that they will take on the case.  Davis Declaration, ¶ 11.

    12.    Because Mr. Serino has limited funds, is 97 years old, disabled and wheelchair bound, he did not want the appeal heard by the out of state Bankruptcy Appellate Panel.  He therefore objected to the automatic reference of the appeal to the Bankruptcy Appellate Panel to ensure that the matter would be heard in Las Vegas.  Davis Declaration, ¶ 12.

    13.    Mr. Serino has been provided with copies of the Notice of Appeal, Designation of Record on Appeal, Statement of Issues on Appeal, all pleadings filed to date in the appeal, all relevant minute entries from the Bankruptcy Court, the file materials and the record on appeal.  At the present time, there are no pending deadlines for briefs, pleadings or other responses by him in this matter.  Davis Declaration, ¶ 13.

    14.    Because of Mr. Serino's advanced age, health and other concerns, additional time is requested for briefs required from Mr. Serino, because it not likely that he will succeed in locating other pro bono counsel for the appeal.  Davis Declaration, ¶ 14.

    15.    Ms. Davis and Fennemore Craig are active participants in and supporters of the Legal Aid Center of Southern Nevada.  The scope of the OSC Application expanded significantly when the Bankruptcy Court scheduled it for four days of evidentiary hearings, and it resulted in a very large pro bono commitment on behalf of Mr. Serino.  Through the conclusion of the post-hearing briefing, Fennemore Craig provided over 400 hours of pro bono time to Mr. Serino, 250 hours of which consisted of time billed by Ms. Davis.  Continued representation of Mr. Serino in

FENNEMORE CRAIG, P.C.
LAS VEGAS

95379.1

- 3 -

1  this appeal is beyond the scope of the initial engagement as pro bono counsel for Mr. Serino, and
2  it would result in a hardship to Fennemore Craig.  Davis Declaration, ¶ 15.

3      16.    On June 8, 2010, Appellees filed a Motion to Disqualify the Honorable James C.
4  Mahan (Dkt. 3), and that Motion remains pending.

5      17.    On June 14, 2010, the Bankruptcy Court transmitted the Appeal Documents to the
6  District Court (Dkt. 223).  A copy of the Certificate is attached as <u>Exhibit 1</u>.  A briefing schedule
7  has not been issued by this Court.

8      18.    On June 15, 2010, the Bankruptcy Court granted the Motion to Withdraw as
9  Counsel of Record for Nicholas Serino, by Order entered June 29, 2010 (Dkt. 226).  A copy of
10  the Bankruptcy Court's Order is attached as <u>Exhibit 2</u>.

11      19.    Mr. Serino does not object to the withdrawal of Ms. Davis and Fennemore Craig at
12  this time.  Davis Declaration, ¶ 16.

13      20.    Mr. Serino's address is: 3941 Odin Circle, Las Vegas, NV  89103.  Davis
14  Declaration, ¶ 17.

## III.

## DECLARATION OF LAUREL E. DAVIS

I, Laurel E. Davis, under penalty of perjury, declare as follows:

1. I am Pro Bono counsel for Nicholas Serino with respect to the <u>Application for Order to Show Cause Why Nicholas Serino, aka Richard Serino, Should not be Held in Contempt of this Court's October 5, 2006 and January 16, 2008 Orders Pursuant to Fed.R.Bankr. 9020</u>, that was filed with the Bankruptcy Court on December 19, 2008 as Docket No. 127 ("OSC Application").  I am over the age of 18, and I am mentally competent.  This declaration is made and based upon my personal knowledge, and if called upon to testify, I could and would do so.  I make this declaration in support of my <u>Motion to Withdraw as Counsel of Record for Nicholas Serino and to Expand Briefing Schedule</u> ("Motion").

2. At the time the OSC Application was filed, Mr. Serino was not represented by

LAS VEGAS

95379.1

- 4 -

1  counsel.

2  3. In January of 2009, Mr. Serino sought representation through the Legal Aid Center
3  of Southern Nevada.

4  4. On January 27, 2010, I prepared and filed a Notice of Appearance as Pro Bono
5  counsel through the Legal Aid Center of Southern Nevada, with respect to the OSC Application.

6  5. Evidentiary hearings on the OSC Application were held April 27, 2009 (DE 172,
7  Serino Testimony; DE 185, Rest); May 22, 2009 (DE 176, Vol. I; DE 177, Vol II); June 1, 2009
8  (DE 182, Vol. I; DE 183, Vol. II); and June 22, 2009 (DE 184).

9  6. After the evidentiary hearings, the Court took the OSC Application under
10  submission.

11  7. On April 13, 2010, the Court rendered its Opinion regarding the OSC Hearings,
12  DE 196, which required a further declaration from counsel for Florisi to fix the award of
13  attorneys' fees and costs.

14  8. On May 13, 2010, the Court entered its Order Granting Compensatory Damages,
15  Attorneys' Fees and Costs, DE 199, which resolved the OSC Application.

16  9. Since April 23, 2010, Mr. Serino has made extensive efforts to communicate to me
17  his desire to appeal the Court's Order and Judgment, including telephone calls, correspondence
18  and visits to my office.

19  10. Because of the very short time frame involved in perfecting an appeal in the
20  Bankruptcy Court, and in order to protect Mr. Serino's rights, Ms. Davis filed the Notice of
21  Appeal, Statement of Issues on Appeal and Designation of Record on Appeal.

22  11. For several months, I have assisted Mr. Serino with his efforts to locate new pro
23  bono counsel.  At the present time, new counsel has not been located and no one has contacted
24  me to advise that they will take on the case.

25  12. Because Mr. Serino has limited funds, is 97 years old, disabled and wheelchair
26  bound, he did not want the appeal heard by the out of state Bankruptcy Appellate Panel.  He

FENNEMORE CRAIG, P.C.

LAS VEGAS

95379.1

- 5 -

therefore objected to the automatic reference of the appeal to the Bankruptcy Appellate Panel to ensure that the matter would be heard in Las Vegas.

13. Mr. Serino has been provided with copies of the Notice of Appeal, Designation of Record on Appeal, Statement of Issues on Appeal, all pleadings filed to date in the appeal, all relevant minute entries from the Bankruptcy Court, the file materials and the record on appeal. At the present time, there are no pending deadlines for briefs, pleadings or other responses by him in this matter.

14. Because of Mr. Serino's advanced age, health and other concerns, additional time is requested for briefs required from Mr. Serino, because it not likely that he will succeed in locating other pro bono counsel for the appeal.

15. Fennemore Craig and I are active participants in and supporters of the Legal Aid Center of Southern Nevada. The scope of this matter expanded significantly when the Bankruptcy Court scheduled it for four days of evidentiary hearings, and it resulted in a very large pro bono commitment on behalf of Mr. Serino. Through the conclusion of the post-hearing briefing, Fennemore Craig provided over 400 hours of pro bono time to Mr. Serino, 250 hours of which consist of time billed by me. Continued representation of Mr. Serino in this appeal is beyond the scope of the initial engagement as pro bono counsel for Mr. Serino, and it would result in a hardship to Fennemore Craig.

16. Mr. Serino does not object to the withdrawal of Ms. Davis and Fennemore Craig at this time.

17. Mr. Serino's address is: 3941 Odin Circle, Las Vegas, NV 89103.

///
///
///
///
///

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: July 8, 2010.

                                        /s/ Laurel E. Davis
                                        LAUREL E. DAVIS

## IV.

## LEGAL ARGUMENT

Local Rule 10-6 provides that "No attorney may withdraw after appearing in a case except by leave of court, after notice served on the affected client and opposing counsel." Additionally, LR IA 10-7(a) states, in pertinent part, "[a]n attorney admitted to practice pursuant to any of these rules shall adhere to the standards of conduct prescribed by the Model Rules of Professional Conduct as adopted and amended from time to time by the Supreme Court of Nevada, except as such may be modified by this Court."

Nevada Rules of Professional Conduct Rule 1.16 states, in pertinent part, as follows:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from the representation of a client if: …
>
> (1) Withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (7) Other good cause for withdrawal exists.
>
> (c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.
>
> (d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to

FENNEMORE CRAIG, P.C.

LAS VEGAS

95379.1

> which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

Nevada Rules of Professional Conduct Rule 1.16.

As demonstrated by the accompanying Davis Declaration, Fennemore Craig has complied with the relevant local and ethical rules. This appeal was perfected. Efforts were made to locate new counsel for Mr. Serino through other pro bono organizations. Furthermore, Mr. Serino does not object to the withdrawal of Ms. Davis as his counsel. The Motion should therefore be granted.

## V.

## CONCLUSION

For all of the reasons set forth above, an Order should be entered which: (1) approves withdrawal of Ms. Davis as counsel for Mr. Serino; (2) provides Mr. Serino with an additional 30 days to prepare and file his opening brief as well as his reply brief; and (3) for any further relief that the court deems appropriate under the circumstances.

DATED this 8th day of July, 2010.

FENNEMORE CRAIG, P.C.

/s/ Laurel E. Davis

By _____
LAUREL E. DAVIS

Pro Bono Counsel for Nicholas Serino,
Legal Aid Center of Southern Nevada

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 7-12-10

FENNEMORE CRAIG, P.C.
LAS VEGAS

95379.1

- 8 -

# CERTIFICATE OF SERVICE

1. On July 8, 2010 I served the following document(s):

**MOTION TO WITHDRAW AS COUNSEL OF RECORD AND TO EXPAND BRIEFING SCHEDULE**

2. I served the above-named document(s) by the following means to the persons as listed below:

[x]  a.  **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

CHRISTINA ANN-MARIE DIEDOARDO:   Christina@diedoardolaw.com

[x]  b.  **United States mail, postage fully prepaid** (list persons and addresses):

Nicholas Serino, 3941 Odin Circle, Las Vegas, NV  89103

**I declare under penalty of perjury that the foregoing is true and correct**.

DATED this 8th day of July, 2010.

/s/   Mia Hurtado
An Employee of Fennemore Craig, P.C.

FENNEMORE CRAIG, P.C.
LAS VEGAS

95379.1

- 9 -