UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NICHOLAS SERINO,

    Plaintiff,

v.

ROBERT J. FLORISI and ANGELE FLORISI,

    Defendants.

2:10-CV-80 JCM (LRL)

**ORDER**

Presently before the court is appellees' motion to disqualify (doc. # 3). To date, no opposition has been filed.

Appellees, through their counsel, allege that the undersigned district judge has apparent or actual bias against their counsel, Christina DiEduardo. Appellees base their assertion on their counsel's interaction with the undersigned in a separate case, and their counsel's belief that the undersigned is biased against transgender individuals.

Judicial integrity is imperative. *Stone v. Powell*, 428 U.S. 465 (1976). Accordingly, "[a] judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987). Congress has enacted two federal statutes—28 U.S.C. § 144,"Bias or prejudice of a judge" and 28 U.S.C. § 455, "Disqualification of justice, judge, or magistrate"—to protect parties' interests in fair judicial processes. Together, these statutes set forth the circumstances under which a judge must recuse himself.

**James C. Mahan**
**U.S. District Judge**

1  "Although the substantive test for bias or prejudice is identical in sections 144 and 455, the procedural requirements of the two sections are different." *United States v. Sibla,* 624 F.2d 864, 867 (9th. Cir. 1980). Unlike section 144, which requires a judge refer a motion to recuse to another judge after determining the legal sufficiency of the accompanying affidavit supporting recusal, section 455 is a self-enforcing statute. *Id*. at 867-68.  Section 455 contains no procedural requirement and is directed at the judge, not the parties. *Id.* at 867.  "Moreover, section 455 includes no provision for referral of the question to another judge." *Id.* at 868.  Thus, under section 455, the decision regarding whether recusal is warranted rests with the presiding  judge.  *See Id.* at 868.

A.     <u>28 U.S.C. Section 455(a)</u>

Section 455 (a) and (b) provide separate, but overlapping bases for recusal. Subsection (a) is broad, requiring recusal "in any proceeding in which [a judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  In contrast, subsection (b) is narrower, requiring recusal only when a judge: (1) has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; (2) has served as a lawyer in the matter in controversy when in private practice; (3) has served in government employment and in such capacity participated in the case; (4) knows that he or a family member has a financial interest in the case; or (5) when he or a family member is a party to the suit. 28 U.S.C. § 455(b)(1-5).  Any circumstance in which a judge's impartiality might reasonably be questioned, whether or not touched on in section 455(b), requires recusal under section 455(a). *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 n.8 (1988).

The standard for recusal under both section 455(a) and (b)  is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir. 2008) (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)).   The source of any alleged bias must be extrajudicial. *Liteky v. United States*, 510 U.S. 540, 544-56 (1994); see also Kassem v. Napolitano, No. 1:08-CV-0010, 2009 WL 2849627, at *1 (E.D.Cal. September 2, 2009) (finding the plaintiff failed to allege an extra-judicial source of bias requiring recusal).  Judicial bias or prejudice formed

**James C. Mahan**
**U.S. District Judge**

- 2 -

Case 2:10-cv-00810-JCM-LRL   Document 6   Filed 07/20/10   Page 3 of 4

1  during current or prior proceedings is insufficient for recusal unless the judge's actions "display a
2  deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 541;
3  *Pesnell,* 543 F.3d at 1044.  Judicial rulings will support a motion for recusal only "in the rarest of
4  circumstances." *Liteky*, 510 U.S. at 555; *United States v. Chischilly,* 30 F.3d 1144, 1149 (9th
5  Cir.1994).

6        Here, appellees request recusal pursuant to section 455(a).  Specifically, appellees request
7  recusal pursuant to section 455(a) because the undersigned allegedly is biased against their counsel
8  based on remarks regarding the disposition of a prior and unrelated case.  Appellees fail to establish
9  a cause for recusal under section 455(a).  Section 455(a) requires the source of the bias be extra-
10 judicial.  *Liteky v*, 510 U.S. at 544-56.

11       The appellees' evidence consists solely of transcripts of a hearing in a separate and unrelated
12 case where the court noted that no one can predict the future, and admonished counsel to present well
13 thought-out arguments in favor of her client.  A reasonable person with knowledge of all the facts
14 would not find these remarks as raising a question of impartiality.  Furthermore, appellees' evidence
15 of bias is not extra-judicial.

16       Given the lack of any reasonable factual basis for questioning the undersigned's impartiality,
17 the court concludes that 28 U.S.C. § 455(a) does not mandate recusal in this case.

18       B<u>.</u>    <u>28 U.S.C. Section 144</u>

19 A party seeking to recuse a judge under 28 U.S.C. section 144 must submit a legally
20 sufficient affidavit detailing the circumstances warranting recusal. "An affidavit filed pursuant to that
21 section is not legally sufficient unless it specifically alleges facts that fairly support the contention
22 that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial
23 source." *U.S. v. Sibla*, 624 F.2d 864, 868 (9th Cir.1980).  Here, appellees likewise fail to present
24 sufficient facts to support their assertion under section 144 that the undersigned judge exhibits bias
25 or prejudice toward their counsel stemming from any extrajudicial source.  The court has reviewed
26 the appellees' motion, affidavits, and evidence and finds no basis for recusal.

27
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appellee's motion to
2 recuse (Doc. #3) be, and the same hereby is, DENIED.
3    DATED July 20, 2010.

_____
UNITED STATES DISTRICT JUDGE