UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NICHOLAS SERINO,

    Plaintiff,

v.

ROBERT J. FLORISI and ANGELE FLORISI,

    Defendants.

2:10-CV-810 JCM (LRL)

**ORDER**

Presently before the court is appellant Nicholas Serino's opening brief (doc. #12) for his bankruptcy appeal (Case No. BK-S-05-18091-BAM, Adversary No. 05-1251-BAM, Jointly Consolidated with: Adversary No. 06-1076-BAM.). Appellees Angele Florisi and Robert Florisi filed an answering brief (doc. #13). Appellant Serino failed to file a reply.

In the appellees' answering brief (doc. #13), they ask this court to deny the appellant's appeal, due to the fact that the notice of appeal was untimely and that neither of the documents he filed purporting to be opening briefs (docs. #7 and #12) were sufficient under Federal Rule of Bankruptcy 8002(a), 8008(b) and (d), and 8010(a)(1).

Pursuant to Federal Rule of Bankruptcy 8002(a), "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of entry of the judgement, order, or decree appealed from." As the Ninth Circuit has held, "[t]he provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." *In re Mouradick*, 13 F.3d 326, 327 (9th Cir. 1994), *see also Matter of Mullis*, 79 B.R.

**James C. Mahan**
**U.S. District Judge**

1  26, 27 (D.Nev.1987).

2  After hearing testimony from both parties and deliberating for over eight months, on April 13, 2010, Judge Markell issued an opinion holding appellant Serino in contempt of the judge's previous order, and awarding appellees both compensatory damages and attorney's fees. In that opinion, the judge ordered appellees to provide a declaration with regards to the exact amount of attorney's fees associated with the contempt proceedings, and directed that Mr. Serino should file any objections to that accounting within fourteen (14) days.

However, as appellees assert, appellant Serino failed to file any objection to the fees or a notice of appeal within the fourteen (14) day period. Subsequently, on May 26, 2010, over thirty (30) days after the date of the bankruptcy judge's order, appellant's counsel filed a notice of appeal (doc. #1). As appellant's untimely notice of appeal "deprives [this] court of jurisdiction to review the bankruptcy court's order," this court is not inclined to address its merits, and dismisses the appeal as untimely. In light of this finding, it is not necessary for the court to discuss the appellees' other grounds for denial of the appeal.

In the appellee's answering brief (doc. #13), they ask this court to award reasonable costs and attorney's fees associated with the appeal. Pursuant to Local Rule 54-16(b)(1) and (2), a party's motion for attorney's fees must include "[a] reasonable itemization and description of the work performed," and "[a]n itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through LR 54-15." Absent the inclusion of these itemizations, this court is not willing to grant the motion for attorney's fees and costs at this time.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that appellant Nicholas Serino's notice of appeal (doc. #1) be, and the same hereby is, DISMISSED.

IT IS FURTHER ORDERED that the bankruptcy court's April 13, 2010, order holding appellant Serino in contempt of the judge's order, and awarding appellees both compensatory damages and attorney's fees be, and the same hereby is, AFFIRMED.

**James C. Mahan**
**U.S. District Judge**

1    IT IS FURTHER ORDERED that appellees Angele Florisi and Robert Florisi's request for
2 costs and attorney's fees be, and the same hereby is, DENIED without prejudice.
3    DATED December 20, 2010.

_____
UNITED STATES DISTRICT JUDGE